

# OMOJOLA & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

**3600 ROUTE 66 ❙ SUITE 150 ❙ NEPTUNE ❙ NEW JERSEY ❙ 07753**
**TEL: 732.515.5533 ❙ FAX: 732.704.5022 ❙ WWW.OAPC.LAW**

Friday, February 12, 2021

**VIA CM-ECF**
The Honorable Lois H. Goodman
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re: Strike 3 Holdings, LLC, vs. John Doe, Subscriber Assigned IP Address 73.193.202.14**
     **Case No. 3:18-cv-16589-MAS-LHG**
     **Text Order Filed 2/2/2021**

Dear Judge Goodman:

As your honor knows, the Law Firm of Omojola & Associates, P.C. represents the Subscriber in the matter of Strike 3 Holdings, LLC, vs. John Doe, Subscriber Assigned IP Address 73.193.202.14 with Case No. 3:18-cv-16589-MAS-LHG.

Kindly accept this letter in lieu of a more formal brief, with regard to your honor's Order filed 2/2/2021, directing Defendant

> "to file any response to the supplemental authority supplied by Plaintiff, from the District of New Jersey and the Court of appeals for the D.C. Circuit, as well as the more recent decision in this District in [19-cv-10252] Strike Three Holdings, LLC v. John Doe Subscriber Assigned IP Address 173.63.128.25.

Respectfully, Defendant maintains the position that the Honorable Joel Schneider, USMJ, correctly decided the various issues in his Opinion, filed on 11/25/2019, particularly with regard to the nuances Judge Schneider discussed concerning the gross unreliability of the technology and evidence Strike Three relies upon, and the legal import of such on the with issues similar or identical to the present case. Such arguments are set forth in meticulous detail in Defendants' Motion to Quash, and replies filed on 10/16/2019 and 11/6/2019, respectively.

Such weak technical evidence proffered by Plaintiff ultimately raises the issue under <u>Daubert</u>, whether Plaintiff's evidence must pass scientific muster, given the gravity of its demand when weighed against Defendants' privacy rights, financial capacity, and other issues discussed in Defendants' foregoing papers. Whereas, one issue that is certain from Judge Schneider's opinion, is the extreme weakness of Plaintiff's evidence. Therefore, Defendant once again contends, that <u>Daubert</u> is not limited to summary judgment motions, a notion that one would strain to find opposing precedence even from the Supreme Court. Rather, the Court's ruling in <u>Daubert</u> applies whenever a party tenders scientific evidence to justify a Motion, that significantly affects another person's privacy rights and finances. Hence, under Daubert, with

given Judge Schneider's excellence in exposing the extreme weakness and unreliability of Plaintiff's technical evidence, Defendant's motion should be granted.

Should your honor have any questions or concerns, kindly contact me via 732.515.5533, or ade@oapc.law.

Respectfully submitted,

      s/   Aderemilekun Omojola, Esq.

Omojola & Associates, P.C.
Attorneys for Defendant – John Doe
with IP Address 73.193.202.14

c: John C. Atkin, Esq. (via ECF)